Joseph M. BRAGG, incapacitated,
by his conservator and guardian,
Teresa L. BRAGG, Plaintiff,

v.

Irving L. KRON, M.D.,
et al., Defendants.

No. CIV.A. 3:00CV0024.

United States District Court,
W.D. Virginia,
Charlottesville Division.

April 18, 2001.

Simon Delano Roberts Moore, Juliana
F. Perry, Anthony Marc Russell, Gentry,

Locke, Rakes & Moore, Roanoke, VA, for Plaintiff.

Simon Delano Roberts Moore, Juliana F. Perry, Anthony Marc Russell, Gentry, Locke, Rakes & Moore, Roanoke, VA, for Plaintiff.

William H. Archambault, Charles Yancey Sipe, Goodman, West & Filetti, P.L.L.C., Charlottesville, VA, Edwad J. McNelis, III, Brewster S. Rawls & Associates, Carlyle R. Wimbish, III, Sands, Anderson, Marks & Miller, Richmond, VA, for Defendants.

### MEMORANDUM OPINION

MOON, District Judge.

This matter is before the Court on motion by Plaintiff Joseph M. Bragg, incapacitated, by his conservator and guardian, Teresa L. Bragg, to amend his complaint to increase his *ad damnum* against Defendant Linda Sprinkle ("Sprinkle") from $1,000,000.00 to $7,500,000.00. Pursuant to Virginia Code § 8.02–581.15, the maximum allowable recovery in a medical malpractice action against a "health care provider," as defined in § 8.01–581.1, is limited to $1,000,000.00. Plaintiff contends that Sprinkle is not entitled to the protection of the Virginia Medical Malpractice Act's ("the Act") $1,000,000.00 cap because Sprinkle, in her capacity as a perfusionist employed by the University of Virginia Medical Center, does not fall within the statutory definition of "health care provider." For the reasons set forth in detail below, the motion to amend is hereby denied.

■ Federal Rule of Civil Procedure 15(a) allows parties to amend their pleadings after obtaining leave from the district court. *See* Fed.R.Civ.P. 15(a). District courts are encouraged to grant leave freely "when justice so requires." *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987). Although Rule 15 encompasses a preference for liberal leave to amend pleadings, a motion to amend should not be granted if it will cause undue prejudice to the opposing party or if the party seeking to amend acted in bad faith. *See Island Creek Coal Company v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987). Leave to amend also should not be granted if the amendment will cause undue delay or if the party seeking to amend acted with a dilatory motive. *See Sandcrest Outpatient Services v. Cumberland County Hospital System, Inc.,* 853 F.2d 1139, 1148–49 (4th Cir. 1988). The timeliness of a plaintiff's motion to amend is a critical factor in assessing dilatory motive, undue delay, bad faith, and prejudice. *See Gladhill v. General Motors Corp.,* 743 F.2d 1049, 1052 (4th Cir.1984). Motions to amend that are filed near the time of trial are generally disfavored and require special scrutiny. *See Deasy,* 833 F.2d at 41.

Virginia Code § 8.01–581.1 defines a "health care provider" as:

> (i) a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a physician or hospital, dentist, pharmacist, registered nurse or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist, clinical social worker, professional counselor, licensed dental hygienist or health maintenance organization, (ii) a professional corporation, all of whose shareholders or members are so licensed, (iii) a partnership, all of whose partners are so licensed, (iv) a nursing home as defined in § 54.1–3100 except those nursing institutions conducted by and for those who rely upon treatment by spiritual means alone through prayer in accordance with a recognized church or

religious denomination, (v) a professional limited liability company comprised of members as described in § 13.1–1102 A 2, *or an officer, employee or agent thereof acting in the course and scope of his employment,* or (vi) a corporation, partnership, limited liability company or any other entity, except a state-operated facility, which employs or engages a licensed health care provider and which primarily renders health care services. Va.Code § 8.01–581.1 (emphasis added).

The issue before the Court is whether the "officer employee or agent thereof" language applies only to professional limited liability companies or whether such language applies to all individuals and entities listed before it. The Supreme Court of Virginia confronted the present issue in *Richman v. Nat'l Health Laboratories, Inc.,* 235 Va. 353, 367 S.E.2d 508 (1988), but expressly declined to resolve it, finding it unnecessary in order to decide that particular case. 235 Va. at 358, 367 S.E.2d at 511. Thus, with no Supreme Court of Virginia decision on point, the Court will construe the Act by first looking to the plain language of the Act.

■■■ Language is ambiguous if it can be understood in more than one way or refers to two or more things simultaneously. *See Brown v. Lukhard,* 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985); *Lincoln Nat'l Life Ins. Co. v. Commonwealth Corrugated Container Corp.,* 229 Va. 132, 135, 327 S.E.2d 98, 101 (1985). An ambiguity exists when the statutory language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness. *See Brown,* 229 Va. at 321, 330 S.E.2d at 87; *Ayres v. Harleysville Mut. Cas. Co.,* 172 Va. 383, 393, 2 S.E.2d 303, 307 (1939). If the language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. *See Brown,*

229 Va. at 321, 330 S.E.2d at 87; *Sch. Bd. of Chesterfield County v. Sch. Bd. of the City of Richmond,* 219 Va. 244, 250, 247 S.E.2d 380, 384 (1978). When an enactment is clear and unequivocal, general rules for construction of statutes of doubtful meaning do not apply. *See Brown,* 229 Va. at 321, 330 S.E.2d at 87. Therefore, when the language of an enactment is free from ambiguity, the resort to legislative history and extrinsic facts is not permitted. *See Brown,* 229 Va. at 321, 330 S.E.2d at 87; *City of Portsmouth v. City of Chesapeake,* 205 Va. 259, 269, 136 S.E.2d 817, 825 (1964).

In the present case, the Court is of the belief that the "officer, employee or agent" clause can be and has been understood in more than one way. While the clause can be read to modify only that which immediately precedes it, *see Peterson v. Emergency Coverage Corp.,* 1989 WL 646355 (Va. Cir. Ct. August 17, 1989), the appearance of the conjunction "or" in subpart five also allows the clause to be read to modify all five subparts which precede it. *See Avino v. DeWys,* 1997 WL 1070592 (Va. Cir. Ct. May 9, 1997). Given this uncertainty, the Court will look to the legislative history of section 8.02–581.1 to resolve the ambiguity.

When initially passed in 1976, the "officer, employee or agent" clause appeared in subpart four, at the very end of the "health care provider" definition, with the statute reading "... except those nursing institutions conducted by and for those who rely upon treatment by spiritual means alone through prayer in accordance with a recognized church or religious denomination, or an officer, employee or agent thereof acting in the course and scope of his employment." Va.Code § 8.01–581.1 (1976). In 1989, the section was amended to include professional corporations, *see* Va.Code § 8.01–581.1 (1989), and in 1991, it was expanded to cover partnerships. *See* Va.

Code § 8.01–581.1 (1991). Neither of these amendments altered the placement of the subject clause at the end of the "health care provider" definition. In 1993, the Act was again expanded, this time to include professional limited liability companies. *See* Va.Code § 8.01–581.1 (1993). In this version of the section, the General Assembly moved the "officer, employee or agent" clause from subpart four to subpart five, and the section, as amended, then in effect read ". . . a professional limited liability company comprised of members as described in § 13.1–1102 A 2, or an officer, employee or agent thereof acting in the course and scope of his employment." *Id.* Finally, in 1994, the section was again amended to include subpart six that covers entities which employ licensed health care providers or which primarily render health care services. *See* Va.Code § 8.01–581.1 (1994). The 1994 version of the section, which remains in effect today, left the "officer, employee or agent" clause where it was, but followed it with the new subpart six. *See id.*

The legislative history of section 8.01–581.1 reveals that with each new amendment to the Act, the number of persons who fall within the definition of "health care provider," and who are thereby protected by the $1,000,000.00 cap, has increased. Under Plaintiff's reading of the "officer, employee or agent" clause, an effect of the 1993 amendment, which moved the subject clause from subpart four to five, was to exclude nursing home officers,

employees, and agents from the "health care provider" definition, while including officers, employees, and agents of LLC's. Such a narrow reading would lead to the seemingly inconsistent result of the amendment serving to both add to and subtract from the number of persons covered by the Act. Further, the 1991 and 1993 amendments, which both added new individuals/entities encompassed within the definition, moved the "officer, employee or agent" clause to the very end of the "health care provider" definition. This change in the placement of the clause reflects the General Assembly's intent that the clause modify everything which precedes it, and not just the individuals/entities listed within the subpart in which the clause is contained.

■ Based upon its review of the legislative history of the Act, the Court is of the belief that the "officer, employee or agent" clause modifies the first five subparts of section 8.01–581.1. Because the evidence is uncontroverted that the University of Virginia Medical Center is a licensed facility that is specifically listed in and meets the definition of "health care provider" in the Act, and because Sprinkle, at all relevant times, was an employee or agent of the University of Virginia Medical Center, the Court hereby concludes that Sprinkle was an "officer, employee, or agent" of the University, and thus falls within the section 8.01–581.1's definition of "health care provider." [1] With this being

1. Plaintiff, in citing to *Taylor v. Mobil Corp.*, 248 Va. 101, 444 S.E.2d 705 (1994), argues that a health care provider must be licensed to garner the protections of the Act. *Taylor* involved a temporarily unlicensed physician, employed by a corporation which was not a health care provider, who was denied the protection of the cap. The present case is distinguishable for it involves a perfusionist, who have no formal licensure procedures to comply with in Virginia, who was employed

by a licensed health care provider as defined by the Act. Further, the 1994 amendment to section 8.01–581.1, which added to the definition of "health care provider" numerous unlicensed entities which employ or engage licensed health care providers and which primarily render health care services, makes clear that unlicensed individuals/entities are not *per se* barred from the protections of the Act. *See Pulliam v. Coastal Emergency Ser-*

so, pursuant to § 8.02–581.15, the maximum allowable recovery in the present medical malpractice action against Sprinkle, as a "health care provider" as defined in § 8.01–581.1, is limited to $1,000,000.00. Plaintiff's motion to amend is therefore denied.

The Clerk is requested to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

### ORDER

This matter is before the Court on motion by Plaintiff Joseph M. Bragg, incapacitated, by his conservator and guardian, Teresa L. Bragg, to amend his complaint to increase his *ad damnum* against Defendant Linda Sprinkle from $1,000,000.00 to $7,500,000.00. Pursuant to Virginia Code § 8.02–581.15, the maximum allowable recovery in a medical malpractice action against a "health care provider," as defined in § 8.01 581.1, is limited to $1,000,000.00. Plaintiff contends that Sprinkle is not entitled to the protection of the Virginia Medical Malpractice Act's $1,000,000.00 cap because Sprinkle, in her capacity as a perfusionist employed by the University of Virginia Medical Center, does not fall within the statutory definition of "health care provider." For the reasons set forth in detail in the attached Memorandum Opinion, the motion to amend is hereby DENIED.

*vices of Richmond, Inc.,* 257 Va. 1, 19, n. 11, 509 S.E.2d 307, 317, n. 11 (1999).